IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCESCO BUFANO,

    Plaintiff,

vs.                                                            Case No. 1:24-cv-01252-WJ-KK

SAMANTHA SENGEL [CAO]; LAWRENCE RAEL [CAO];
ETHAN WATSON [CITY CLERK]; SHARON A. SEDILLO
[CITY CLERK OFFICE]; ASHLEY MARTINEZ [APD IPRA
SPECIALIST]; DIANE ROBERTS [APD IPRA SPECIALIST];
JAMES L. HANNERS [RISK MANAGEMENT SENIOR ADJUSTER];
RUSTY KELLER [RISK MANAGEMENT]; ALAN M. VARELA
[PLANNING/ZONING DIRECTOR]; JEREMY F. KEISER
[PLANNING ZONING DEPUTY DIRECTOR]; ANGELO D. METZGER
[CODE COMPLIANCE MANAGER]; GERALDINE M. ORTIZ
[CODE ENFORCEMENT SPECIALIST]; RENE BARRAZA
[APD SOUTHWEST COMMANDER]; MICHAEL RICO #5223
[APD SOUTHWEST COMMAND SUPERVISOR]; TOBIAS GALLEGOS
#0348 [APD PRIMARY]; STEPHANIE MCMILLIN #5292 [APD SECONDARY];
OFFICER L. KING #7561 [APD PRIMARY]; JOHN DOE #1; JOHN DOE #2; JOHN
DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8;
JOHN DOE #9; JOHN DOE #10; JOHN DOE #11; JOHN DOE #12; JOHN DOE #13;
JOHN DOE #14; JOHN DOE #15; JOHN DOE #16; JOHN DOE #17; JOHN DOE #18;
JOHN DOE #19; JOHN DOE #20; JOHN DOE #21; JOHN DOE #22, Defendants.

                                                          Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

       THIS MATTER is before the Court under Fed. R. Civ. P. 4(m) on the Court's Order to Show Cause **[Doc. 24].** The Court will dismiss Plaintiff's claims against all unserved Defendants, including Defendants Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King, without prejudice for failure to serve those Defendants in the manner and within the time required by Fed. R. Civ. P. 4(m).

1

Under Fed. R. Civ. P. 4(m) a summons and complaint must mandatorily be served on a defendant within 90 days after filing of the complaint. In a removed case such as this, the 90-day time for service begins when the notice of removal is filed in this Court. *See Bruley v. Lincoln Prop. Co., N.C., Inc.*, 140 F.R.D. 452, 453 (D. Colo. 1991). *See, also, Willis v. Government Employees Insurance Company,* 2016WL395170 (D.N.M. 2016). The Notice of Removal in this case was filed on December 13, 2024. **[Doc. 1].** Therefore, the 90-day time for service commenced to run on December 13, 2024, and expired on March 13, 2025.

The record reflects service of process on Defendants Diane Roberts, Samantha Sengel, Alan M. Varela, Ashley Martinez, Ethan Watson, and Sharon Sedillo was made prior to their removal of the action. **[Doc. 1, 1-3 at 6-19]**.[1] The Notice of Removal indicates that no other Defendants had been served with the Complaint prior to removal. **[Doc. 1]**. Nor is there anything in the record establishing that any other Defendant has been served after removal and prior to March 13, 2025, or at any other time in this case.

On April 25, 2025, the Court entered its Order to Show Cause directing Plaintiff Bufano to show cause why the claims against the unserved Defendants should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m). **[Doc. 24].** Plaintiff filed a Notice to Show Cause on May 23, 2025, which the Court construes as a response to its Order to Show Cause. **[Doc. 25].** Plaintiff Bufano is proceeding pro se in this case. However, his pro se status does not excuse him from compliance with the Federal Rules of Civil Procedure. *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal

---

[1] The removing Defendants Roberts, Sengel, Varela, Martinez, Watson, and Sedillo have joined in a motion to dismiss (Doc. 8). The Court will rule on the motion to dismiss by separate memorandum opinion and order.

rules of procedure. . . The same is true of simple, nonburdensome local rules . . ..." (citation omitted)).

The record in this case establishes that Plaintiff Bufano has not complied with the service of process requirements of Fed. R. Civ. P. 4. Plaintiff Bufano contends that he has served the Defendants because all of them were listed on two New Mexico state court requests for hearing, three federal court requests for hearing, and a federal court request for a rule 16 scheduling conference.  **[Doc. 25 at 1-2]**.  However, Fed. R. Civ. P. 4(c) sets out the specific requirements for accomplishing personal service of process on an individual located in the Judicial District.  Listing the names of defendants on hearing requests in this and the state court proceeding is not compliance with the requirements of Rule 4.

The fact that a named, but unserved, defendant may be aware of pending litigation is not sufficient to comply with the specific mandates of Rule 4(c) and does not serve to vest the Court with authority over that defendant. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  Nor does the fact that Plaintiff did obtain proper service of process on six of the named defendants excuse Plaintiff from the requirement to serve the rest of the named defendants in the manner and time specified in Rule 4. *See, e.g., Rivera v. Nissan Manufacturing Co.,* 788 F.2d 819, n. 2 (1st Cir.1986); *Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985); *Lamb v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95 (S.D.Fla.1985) (Plaintiff must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision).

Rule 4(m) mandatorily requires that personal service occur within 90 days after filing of the complaint.  The time is extended to 90 days from the date of removal when a case is initially filed in state court and then removed to federal court. *Bruley*, 140 F.R.D. at 453.  The record in

3

this case does not establish personal service on the individual defendants as required by Rule 4(c) nor does it demonstrate that such service was completed within 90 days after the filing of the notice of removal.

Plaintiff Bufano has failed to comply with the service of process requirements of Fed. R. Civ. P. 4 and has not served Defendants Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King, within the time limits imposed by Fed. R. Civ. P. 4(m). Therefore, the Court will dismiss all claims against any unserved Defendants, including Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King.

**IT IS ORDERED** that all claims and causes of action against all unserved Defendants, including but not limited to Defendants Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King, are **DISMISSED without prejudice** for failure to properly serve the Defendants within the time required by Fed. R. Civ. P. 4.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE