IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANCESCO BUFANO,**

      Plaintiff,

vs.                                                                   Case No. 1:24-cv-01252-WJ-KK

**SAMANTHA SENGEL [CAO]; LAWRENCE RAEL [CAO]; ETHAN WATSON [CITY CLERK]; SHARON A. SEDILLO [CITY CLERK OFFICE]; ASHLEY MARTINEZ [APD IPRA SPECIALIST]; DIANE ROBERTS [APD IPRA SPECIALIST]; JAMES L. HANNERS [RISK MANAGEMENT SENIOR ADJUSTER]; RUSTY KELLER [RISK MANAGEMENT]; ALAN M. VARELA [PLANNING/ZONING DIRECTOR]; JEREMY F. KEISER [PLANNING ZONING DEPUTY DIRECTOR]; ANGELO D. METZGER [CODE COMPLIANCE MANAGER]; GERALDINE M. ORTIZ [CODE ENFORCEMENT SPECIALIST]; RENE BARRAZA [APD SOUTHWEST COMMANDER]; MICHAEL RICO #5223 [APD SOUTHWEST COMMAND SUPERVISOR]; TOBIAS GALLEGOS #0348 [APD PRIMARY]; STEPHANIE MCMILLIN #5292 [APD SECONDARY]; OFFICER L. KING #7561 [APD PRIMARY]; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8; JOHN DOE #9; JOHN DOE #10; JOHN DOE #11; JOHN DOE #12; JOHN DOE #13; JOHN DOE #14; JOHN DOE #15; JOHN DOE #16; JOHN DOE #17; JOHN DOE #18; JOHN DOE #19; JOHN DOE #20; JOHN DOE #21; JOHN DOE #22,** Defendants.

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants Diane Roberts, Samantha Sengel, Alan M. Varela, Ashley Martinez, Ethan Watson, and Sharon Sedillo **[Doc. 8].** Instead of a response, Plaintiff filed a Motion to Strike/Deny Defense **[Doc. 14]**, which the Court construes as a response. Defendants filed a Reply on January 17, 2025. **[Doc. 18].** The Court will dismiss Plaintiff's claims against Defendants Diane Roberts, Samantha Sengel, Alan

1

M. Varela, Ashley Martinez, Ethan Watson, and Sharon Sedillo without prejudice for failure to state a claim on which relief can be granted.

## PROCEDURAL BACKGROUND

Plaintiff Francesco Bufano commenced this action by filing a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on November 8, 2024. **[Doc. 1-2]**. The caption of the Complaint identifies 17 individual Defendants, by name, and an additional 22 "John Doe" Defendants. **[Doc. 1-2 at 1]**. The Complaint sets out 28 generalized allegations of "Torts" committed by "Defendants" including defamation, tampering with evidence, destruction of evidence, misconduct, IPRA violations, property damage, conversion, nuisance, bad faith, breach of good neighbor agreement, OSHA violations, fraud, negligence, trespass, vandalism, harassment, intimidation, abuse of power/discretion, violation of property rights, reckless endangerment, collusion, disregard for rule of law, contempt of court, abuse of power, false advertising, conflict of interest, and civil rights violations. **[Doc. 1-2 at 2-12, ¶7]**. The Complaint does not indicate whether Plaintiff's claims arise under state or federal law, or both. The Complaint seeks compensatory damages, punitive damages, and injunctive relief. **[Doc. 1-2 at 15-16]**.

Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela removed the case from New Mexico state court to this Court on December 20, 2024. **[Doc. 1]**. The removing Defendants are the only named defendants that have been served with process. **[Doc. 1, 1-3 at 6-19]**.[1] Following removal, the removing Defendants filed a Motion to Dismiss. **[Doc. 8]**.

---

[1] By separate Memorandum Opinion and Order, all other named Defendants have been dismissed without prejudice for failure to serve them within the time limits of Fed. R. Civ. P. 4(m).

The Motion to Dismiss proceeds under Fed. R. Civ. P. 12(b)(6). **[Doc. 8].** The Motion argues that none of the 28 paragraphs of alleged torts states a claim for relief against any of the removing Defendants, that there is no waiver of immunity under New Mexico law for any of Plaintiff's claims, and that the Complaint fails to state any claim for injunctive relief. **[Doc. 8].** Plaintiff Bufano did not file a response to the Motion to Dismiss. Instead, he submitted a Motion to Strike/Deny Defense **[Doc. 14]**, which the Court construes as a response. He also submitted 300 pages of material as part of and exhibits to various filings and lodged the exhibits with the Court on flash drives. **[Doc. 1-2, 11, 14, 25].** Defendants filed a Reply on January 17, 2025. **[Doc. 18].**

## RULE 12(b)(6) STANDARD

Defendants have moved to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). **[Doc. 8].** Plaintiff in this case is proceeding pro se. While the Court liberally construes a pro se litigant's factual allegations, the Court is under no obligation to go on a scavenger hunt to "save" Plaintiff's insufficiently pled case. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (explaining that courts do not act as *pro se* litigant's "advocate"); *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In fact, such a "scavenger hunt" has been cited with disfavor. *United States v. Harris*, 579 F. App'x 657, 661 (10th Cir. 2014) (unpublished). Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing plausibility, a plaintiff's allegations are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), the Court: (1) accepts all well-pleaded facts as true, and (2) construes these facts in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

A complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant[s] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007). It is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized allegations against defendants, without identification of specific actors and conduct that caused the deprivation

4

of a legal right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Formulaic recitations are not sufficient to state a plausible claim. *Twombly,* 550 U.S. at 570.

When ruling on a 12(b)(6) motion, a court "typically" considers only the contents of the Complaint. *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021). There are exceptions to this rule though. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). One exception is that a court may consider any "document incorporated by reference . . . when no party disputes its authenticity." *Clinton v. Sec. Ben. Life. Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (cleaned up). This includes documents incorporated in the Complaint as well as documents referred to in the Complaint. *Id.*

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## PLEADING REQUIREMENTS

Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). Each allegation must be simple, concise, and direct. Fed.R.Civ.P. 8(d)(1). The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action.

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v.*

5

*Atherton*, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

### **THE COURT WILL DISMISS THE COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

The Court will dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief against any of the named Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela. Although identified as Defendants in the caption, the body of Plaintiff's Complaint does not even mention Defendants Sengel, Watson, Sedillo, Martinez, or Roberts. **[*See* Doc. 1-2 at 2-12].** Defendant Varela is only mentioned in a rambling sentence alleging abuse of power/discretion that does not specify exactly when or what Defendant Varela did or did not do. **[Doc. 1-2 at 9].** Instead, the Complaint refers in generalities to "Defendants."

The Complaint does not explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, or specific legal right the plaintiff believes any defendant violated. *Nasious,* 492 F.3d at 1163. Nor does it make clear exactly who is alleged to have done what to Plaintiff or provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

6

The Complaint does not contain enough facts to state a claim to relief against any Defendant that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The Complaint is devoid of sufficient factual content to allow the court to draw any reasonable inference that any defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. at 678. Therefore, the Court will dismiss the Complaint and all claims against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6).[2]

Plaintiff Bufano has submitted almost 300 pages of material. **[Doc. 1-2, 11, 14, 25].** The allegations are rambling, do not state any legally sufficient claim, and bury any material allegations in a "morass of irrelevancies." The Court will not wade through the submissions or act as Plaintiff's advocate to try to articulate any cause of action. *Greer v. Moon*, 83 F.4th at 1292. The Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim for relief. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716; *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir.2006). However, mindful of its obligation to permit a pro se plaintiff to amend, the Court will order Plaintiff to file an amended complaint that meets the requirements of Fed. R. Civ. P. 8 and this Memorandum Opinion and Order within 30 days. *Hall v. Bellmon,* 935 F.2d at 1109. Plaintiff is notified that failure to comply with this Order may result in dismissal of the case with prejudice and without further notice.

Moreover, Plaintiff may not seek to amend the Complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants

---

[2] Because the Court is dismissing the Complaint without prejudice under Rule 12(b)(6), the Court does not reach Defendants' arguments regarding lack of a waiver of sovereign immunity and failure to establish the requirements for injunctive relief. The Court notifies the parties that the dismissal is also without prejudice to Defendants' right to re-raise those arguments if Plaintiff elects to file an amended complaint.

continually to have to adapt as the Plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter,* 451 F.3d at 1206. Therefore, Plaintiff may only amend claims against Defendants Diane Roberts, Samantha Sengel, Alan M. Varela, Ashley Martinez, Ethan Watson, or Sharon Sedillo. He may not seek to amend any claims against any of the unserved Defendants that have been dismissed by separate memorandum opinion and order.

## PENDING MOTIONS

Also pending before the Court are Plaintiff's Motion for Extension **[Doc. 6]**, Plaintiff's Request for Hearing **[Doc. 7]**, Plaintiff's Motion for Summary Judgment **[Doc. 9]**, Plaintiff's Motion for Hearing **[Doc. 10]**, Plaintiff's Motion to Strike/Deny Defense **[Doc. 14]**, Plaintiff's Motion for Hearing **[Doc. 15]**, and Defendants' Motion to Strike Plaintiff's "Notice to Clarify" **[Doc. 29]**. The Court will deny all pending motions as moot in light of the Court's Rule 12(b)(6) dismissal.

IT IS ORDERED:

1. The Motion to Dismiss filed by Defendants Diane Roberts, Samantha Sengel, Alan M. Varela, Ashley Martinez, Ethan Watson, and Sharon Sedillo **[Doc. 8]** is **GRANTED;**

2. All claims and causes of action against Defendants Diane Roberts, Samantha Sengel, Alan M. Varela, Ashley Martinez, Ethan Watson, and Sharon Sedillo are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted;

3. Plaintiff is granted leave to file an amended complaint solely as to the claims against Defendants Roberts, Sengel, Varela, Martinez, Watson, or Sedillo within 30 days after the date of entry of this Memorandum Opinion and Order. If Plaintiff does not file an amended complaint or

files an amended complaint that does not comply with this Memorandum Opinion and Order within 30 days, the Court may dismiss the claims against Defendants with prejudice and without further notice.

Plaintiff is not granted leave to file any amended complaint against any of the unserved Defendants that have been dismissed by separate Memorandum Opinion and Order. If Plaintiff elects to pursue claims against the unserved Defendants, he must institute a new proceeding against them;

4. All pending motions, including **Doc. 6, 7, 9, 10, 14, 15, and 29** are **DENIED as moot** in light of the Rule 12(b)(6) dismissal without prejudice.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE