IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCESCO BUFANO,

       Plaintiff,

vs.                                            Case No. 1:24-cv-01252-WJ-KK

SAMANTHA SENGEL [CAO]; LAWRENCE RAEL [CAO];
ETHAN WATSON [CITY CLERK]; SHARON A. SEDILLO
[CITY CLERK OFFICE]; ASHLEY MARTINEZ [APD IPRA
SPECIALIST]; DIANE ROBERTS [APD IPRA SPECIALIST];
JAMES L. HANNERS [RISK MANAGEMENT SENIOR ADJUSTER];
RUSTY KELLER [RISK MANAGEMENT]; ALAN M. VARELA
[PLANNING/ZONING DIRECTOR]; JEREMY F. KEISER
[PLANNING ZONING DEPUTY DIRECTOR]; ANGELO D. METZGER
[CODE COMPLIANCE MANAGER]; GERALDINE M. ORTIZ
[CODE ENFORCEMENT SPECIALIST]; RENE BARRAZA
[APD SOUTHWEST COMMANDER]; MICHAEL RICO #5223
[APD SOUTHWEST COMMAND SUPERVISOR]; TOBIAS GALLEGOS
#0348 [APD PRIMARY]; STEPHANIE MCMILLIN #5292 [APD SECONDARY];
OFFICER L. KING #7561 [APD PRIMARY]; JOHN DOE #1; JOHN DOE #2; JOHN
DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8;
JOHN DOE #9; JOHN DOE #10; JOHN DOE #11; JOHN DOE #12; JOHN DOE #13;
JOHN DOE #14; JOHN DOE #15; JOHN DOE #16; JOHN DOE #17; JOHN DOE #18;
JOHN DOE #19; JOHN DOE #20; JOHN DOE #21; JOHN DOE #22, Defendants.

Defendants.

**MEMORANDUM OPINION AND
FINAL ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Court's

Memorandum Opinions and Orders **[Doc. 34, 35]** and on the Plaintiff's Motion to Amended

Complaint **[Doc. 36].** The Court dismisses the remaining claims in this case under Rule 41(b) and

12(b)(6) for failure to comply with a Court order, failure to comply with the rules of procedure,

and failure to state a claim for relief. The Court will also enter final judgment on all claims.

1

**Factual and Procedural Background**

Plaintiff Francesco Bufano commenced this action by filing a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on November 8, 2024. **[Doc. 1-2].** The caption of the Complaint identifies 17 individual Defendants, by name, and an additional 22 "John Doe" Defendants. **[Doc. 1-2 at 1].** The Complaint sets out 28 generalized allegations of "Torts" committed by "Defendants" including defamation, tampering with evidence, destruction of evidence, misconduct, IPRA violations, property damage, conversion, nuisance, bad faith, breach of good neighbor agreement, OSHA violations, fraud, negligence, trespass, vandalism, harassment, intimidation, abuse of power/discretion, violation of property rights, reckless endangerment, collusion, disregard for rule of law, contempt of court, abuse of power, false advertising, conflict of interest, and civil rights violations. **[Doc. 1-2 at 2-12, ¶7].** The Complaint does not indicate whether Plaintiff's claims arise under state or federal law, or both. The Complaint seeks compensatory damages, punitive damages, and injunctive relief. **[Doc. 1-2 at 15-16].**

Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela removed the case from New Mexico state court to this Court on December 20, 2024. **[Doc. 1].** The removing Defendants are the only named defendants that have been served with process. **[Doc. 1, 1-3 at 6-19]**. The Court issued an order to show cause why the claims against the majority of Defendants should not be dismissed for failure to serve them within the time required under Fed. R. Civ. P. 4. **[Doc. 24]**. The Court determined that Plaintiff Bufano had failed to comply with the service of process requirements of Fed. R. Civ. P. 4 and had not served Defendants Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King, within the time limits imposed by Fed. R. Civ. P. 4(m). **[Doc. 34]**.

Therefore, the Court dismissed without prejudice all claims against any unserved Defendants, including Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King.  **[Doc. 34 at 4]**.

The removing Defendants filed a Motion to Dismiss.  **[Doc. 8].**  The Motion to Dismiss proceeded under Fed. R. Civ. P. 12(b)(6).  **[Doc. 8].**  The Motion argued that none of the 28 paragraphs of alleged torts states a claim for relief against any of the removing Defendants, that there is no waiver of immunity under New Mexico law for any of Plaintiff's claims, and that the Complaint fails to state any claim for injunctive relief.  **[Doc. 8].**  Plaintiff Bufano did not file a response to the Motion to Dismiss.  Instead, he submitted a Motion to Strike/Deny Defense **[Doc. 14]**, which the Court construed as a response.  He also submitted 300 pages of material as part of and exhibits to various filings and lodged the exhibits with the Court on flash drives.  **[Doc. 1-2, 11, 14, 25].**  Defendants filed a Reply on January 17, 2025. **[Doc. 18].**

The Court granted the Motion to Dismiss, concluding that the Complaint failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6) **[Doc. 35]**.  The Court also granted Plaintiff an opportunity to cure the defects in his pleading by filing an amended complaint within 30 days. **[Doc. 35 at 8-9]**.  Again, Plaintiff did not comply with the Court's Memorandum Opinion and Order but, instead, filed a "Motion to Amended Complaint" on October 14, 2025.  **[Doc. 36]**.  Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela filed a Response to the Motion to Amended Complaint, arguing that Plaintiff should not be permitted to amend his claims because the matters set out in the Motion, again, do not state a viable claim for relief against Defendants Sengel, Watson, Sedillo, Martinez, Roberts,

and Varela.  **[Doc. 39]**.  The Court agrees with Defendants and, as set out, below, will dismiss the case.

## LEGAL STANDARDS

Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action.

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000).  Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court.  *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989).  Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

The Court is under no obligation to go on a scavenger hunt to "save" Plaintiff's insufficiently pled case. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (explaining that courts do not act as *pro se* litigant's "advocate"); *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In fact, such a "scavenger hunt" has been cited with disfavor. *United States v. Harris*, 579 F. App'x 657, 661 (10th Cir. 2014) (unpublished). Pro se litigants are required to follow the federal

rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Memorandum and Order and failure to prosecute this proceeding.

## ANALYSIS

The Court granted Plaintiff Bufano leave to file an amended complaint within 30 days after entry of the Court's Memorandum Opinion and Order.  **[Doc. 35]**.  The Court construes Plaintiff's Motion to Amended Complaint **[Doc. 36]** to be Plaintiff's proposed amended complaint.  The amended complaint suffers from the same pleading defects as the original Complaint and fails to state a claim upon which relief can be granted against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela.  Therefore, having given Plaintiff an opportunity to remedy the pleading defects in his Complaint, the Court will now dismiss the claims against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela with prejudice.

The amended complaint summarizes Plaintiff's contentions as follows:

"While Defense without a warrant or my consent, on notice via email and Police Report to prohibit The Government unlawful City Policy of trespassing the curtilage of my property to including but not limited willfully intimidate, harass, peek into my bedroom windows and vandalize my property by throwing Me in a metaphorical snake-pit ("Snake-pit') using instruments of bad actors by affixing multiple placards with adhesive onto my Property at least five known times from September 30, 2024 to August 15th 2022 Public Comment at City Council, not necessary placards that knowingly attract instruments with bad intentions to trespass onto, steal and destroy my property, in simultaneous Unconstitutional Retaliation to legal proceedings in the form of Tort Claims including but not

> limited to Property Damage, Fraud and Conversion/Theft in common name "Mayor Keller's Illegal Wall" at . . . While willfully complicit including but not limited to threats of Arson, Assault, Battery, and Attempted Murder. I pray for injunctive relief to stop throwing me in a Snake-pit and that the unconstitutional warrantless searches come to an end, I file this lawsuit To including but not limited to declare unconstitutional Taking of My Land in the form of "Mayor Keller's Illegal Wall" and retaliatory warrantless searches to We The People's curtilage by the Admin malicious weaponization of the Planning/Zoning, City Legal, and Police Department."

**[Doc. 36 at 2]**.

As the Court advised Plaintiff, a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant[s] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007). It is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized allegations against defendants, without identification of specific actors and conduct that caused the deprivation of a legal right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The amended complaint still does not explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, or specific legal right the plaintiff believes any defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007). Nor does it make clear exactly who is alleged to have done what to Plaintiff or provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). Instead, the amended complaint is a 48-page rambling diatribe against the government of the City of

6

Albuquerque. The amended complaint defines "the Government" to mean "Samantha Sengel et al and Counsel." **[Doc. 36 at 1]**. The amended complaint then makes numerous conclusive allegations about "the Government" and "their Lethal Weapon" (**see, e.g., Doc. 36 at 3, 6, 7, 9, 14, 29, 35, 39, 43**), but does not factually detail how any individual defendant acted in a way that harmed Plaintiff, and concludes by asking for "Judgement against The Government." **[Doc. 47]**. The allegations are, again, rambling, do not state any legally sufficient claim, and bury any material allegations in a "morass of irrelevancies." The Court will not wade through the submissions or act as Plaintiff's advocate to try to articulate any cause of action. *Greer v. Moon*, 83 F.4th at 1292.

The amended complaint does not contain enough facts to state a claim to relief against any Defendant that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The amended complaint is devoid of sufficient factual content to allow the court to draw any reasonable inference that any defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the amended complaint and all claims against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela fail to state a claim for relief. Fed. R. Civ. P. 12(b)(6).

Plaintiff has failed to amend his complaint in compliance with the Court's Memorandum Opinion and Order and the Federal Rules of Civil Procedure, and the amended complaint fails to state a claim on which relief can be granted. The Court will dismiss Plaintiff's claims against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela with prejudice for failure to comply with the Court's order, failure to comply with the rules of procedure, failure to prosecute, and failure to state a claim for relief. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716; *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir.2006). The Court will also enter final judgment on the dismissal without prejudice of

7

Plaintiff's claims against Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King in accordance with its prior Memorandum Opinion and Order **[Doc. 34]**.

## PENDING MOTIONS

Also pending before the Court are Plaintiff's Motion for Hearing **[Doc. 37]**, Plaintiff's Motion to Overturn **[Doc. 44]**, Plaintiff's Motion Request for Hearing **[Doc. 47]**, and Defendant's Motion for Order to Show Cause **[Doc. 48]**.  The Court will deny all pending motions as moot in light of the Court's dismissal.

**IT IS ORDERED, ADJUDGED, AND DECREED**:

1.  Plaintiff Francesco Bufano's Motion to Amended Complaint **[Doc. 36]** is **DENIED**;

2.  all claims and causes of action against Defendants Samantha Sengel, Ethan Watson, Sharon A. Sedillo, Ashley Martinez, Diane Roberts, and Alan M. Varela.  are **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b) and 12(b)(6);

3.  all claims and causes of action against Defendants Lawrence Rael, James L. Hanner, Rusty Keller, Jeremy F. Keiser, Angelo D. Metzgar, Geraldine M. Ortiz, Rene Barraza, Michael Rico, Tobias Gallegos, Stephanie McMillan, and Officer L. King, are **DISMISSED without prejudice** under Fed. R. Civ. P. 4;

4.  all other pending motions, including **Doc. 37, Doc. 44, Doc. 47, and Doc. 48,** are **DENIED as moot** in light of the dismissal; and

5.  this civil case is **CLOSED**.

_/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE